UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>M.E. SPEARMAN, et al.,<br><br>Defendants. | No. 2:18-cv-1590 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF Nos. 1, 2. 5. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons stated herein, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will also be given the opportunity to amend the complaint.

I.     IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

IV.  PLAINTIFF'S COMPLAINT

Plaintiff's complaint attempts to make two claims. His first claim asserts that defendants R. Wilson, Luong Nguyn,[1] U. Baniga and M.E. Spearman[2] - employees at High Desert State Prison ("HDSP") and California Correctional Institution ("CCI") – were deliberately indifferent to his serious medical needs in violation of his Eighth and Fourteenth Amendment rights when, in June 2017, after he had had a physically debilitating "man down" incident related to lower back pain, they denied him an MRI after earlier x-rays had come back negative. See ECF No. 1 at 3-4. Plaintiff states that an MRI he had had in the early 2000s showed that he has degenerative disc disease and damage to his L4 and L5 vertebrae. See id. at 4. He also asserts that a later MRI proves that this is a chronic issue that causes him severe pain and distress. See id. at 4.

Plaintiff's second claim contends that each of these defendants was deliberately indifferent to his serious medical needs in violation of his Eighth and Fourteenth Amendment rights when they refused to give him adequate medical treatment after he told each of them that he was in extreme pain and that he needed pain management and an MRI. See ECF No. 1 at 4. Plaintiff claims that the partial grant of his 602 health care appeal was inadequate. See id. at 2, 4-5. He also states that he told each defendant either verbally or in written form via a 602 form of his ailments and that he needed back surgery to correct them. He contends that he has been

---

[1] Plaintiff spells this defendant's last name different ways in the pleading. Compare ECF No. 1 at 1, with ECF No. 1 at 3. The court has reason to believe that the proper spelling of this defendant's last name is "Nguyen." Plaintiff is informed that should he raise a cognizable claim against any of the defendants, he will need to provide the most accurate spelling possible of each defendant's name so that service upon him/her can be completed accurately and in a timely manner.

[2] According to plaintiff, defendant M.E. Spearman is the Warden at HDSP; defendant Luong "Nguyn" is a "telemed" doctor for HDSP; defendant R. Wilson is a physician's assistant at CCI, and defendant U. Baniga is the Chief Physician and Surgeon at CCI. See ECF No. 1 at 1, 3.

ignored and not believed by defendants, despite the proof he has that he has a bad back. See id. at 5.

V.      DISCUSSION

        A.      Relevant Law: Deliberate Indifference to Serious Medical Needs

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong . . . "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Lemire v. CDCR, 726 F.3d 1062, 1082 (9th Cir. 2013); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See Farmer, 511 U.S. at 844-45; see also Simmons v. Navajo County Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference).

An official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Then, he must fail to take reasonable measures to abate
////

5

the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. See id. at 835.

B. Analysis

Both of plaintiff's claims assert that the defendants were deliberately indifferent to his serious medical needs regarding the treatment of his back injuries, and related and pain management, in or around June 2017.³ See generally ECF No. 1 at 3-5. Accordingly, the court construes the complaint as presenting a single deliberate indifference claim against multiple defendants.

1. Defendants Spearman and Baniga

The complaint states that defendants Spearman and Baniga are supervisors. See ECF No. 1 at 4. Thereafter, plaintiff appears to generally impute liability to each of them in these supervisorial capacities. See generally id. at 3-5.

As the warden of High Desert State Prison, defendant Spearman cannot be held liable for the actions of his subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676. The same is true for defendant Baniga as a supervising physician at CCI. These defendants can only be liable for their own personal involvement in plaintiff's treatment or the denial of treatment. See Jones, 297 F.3d at 934 (stating personal participation requirement); see also Ortez, 88 F.3d at 809.

The complaint alleges no facts showing the personal involvement of Warden Spearman or Dr. Baniga in the medical decisions that are challenged by the complaint. Although Baniga is a surgeon (see ECF No. 1 at 3, 6), plaintiff does not allege that Baniga played an active role in examining, diagnosing or treating plaintiff's back injury and related pain. See generally id. In addition, plaintiff fails to allege that defendant Baniga had a sufficiently culpable state of mind if

////

---

³ To the extent plaintiff may also be attempting to contest the outcome of his health care appeal because it was "inadequate" (see ECF No. 1 at 4-5), this argument is without merit. The existence of an inmate appeals process does not create a protected liberty interest upon which plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

and when s/he interacted with plaintiff. See Jett, 439 F.3d at 1096 (defining culpable state of mind as purposeful act or omission and harm caused by same).

Although this civil rights complaint must be construed liberally, the court may not read into it essential elements of the claim that were not initially pled. See Ivey v. Bd. of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Because plaintiff's deliberate indifference claims against defendants Spearman and Baniga do not provide sufficient information related to personal involvement and state of mind, they fail to state claims upon which relief may be granted. Therefore, plaintiff will be given the opportunity to amend his claims against these defendants.

### 2. Defendants Nguyen and Wilson

Plaintiff's deliberate indifference claims against defendants Nguyen and Wilson, both of whom are medical professionals (see ECF No. 1 at 1, 3), also include no facts demonstrating the personal involvement of each individual and their culpable state of mind. Without such allegations, the complaint fails to state a claim. Plaintiff's claims against Nguyen and Wilson will therefore require amendment as well if he is to proceed on them.[4]

## VI. OPTIONAL LEAVE TO AMEND

Because the complaint fails to state a claim upon which relief may be granted, it is subject to dismissal under 28 U.S.C. § 1915A(b). Rather than recommending dismissal at this juncture, however, the undersigned will grant plaintiff leave to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson

---

[4] To the extent that defendants Wilson and Baniga have signed off on the partial grant of plaintiff's July 2017 health care appeal (see ECF No. 1 at 6), once again, plaintiff must provide more specific information regarding each defendant's action or inaction. Specifically, plaintiff must indicate what responsibility – if any – each of the defendants had for his treatment, when and how often he spoke to each of them, what each one's response was, and other facts of this nature.

v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

The claims in your complaint have not provided enough facts for the court to permit them to proceed. As a result, you are being given an opportunity to file an amended complaint so that you can fix this problem.

If you choose to file an amended complaint, it should specify *as to each defendant* precisely how he or she was personally involved in your medical care; what he or she did or failed to do that violated your rights; and what facts show that he or she knew you were at serious risk and didn't care (in other words, what facts show a deliberately indifferent state of mind). The more you provide clear and specific facts to the court about your interactions with each defendant, the more likely you are to state a claim. If you file an amended complaint that does state a claim, the court will order it served and the case will proceed. Otherwise the magistrate judge will recommend that the case be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2), is GRANTED;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) fails to state a claim upon which relief may be granted (see 28 U.S.C. § 1915A) and will not be served, and

4. Within thirty days of the date of service of this order, plaintiff may file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute.

DATED: April 8, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE