UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROMERO, | No. 2:18-cv-1590 AC P |
| Plaintiff, | |
| v. | ORDER |
| M.E. SPEARMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is plaintiff's first amended complaint ("FAC").  ECF No. 21.  For the reasons stated below, plaintiff will be given the opportunity either to amend the FAC or proceed on the cognizable claims identified below.

I.    DISCUSSION

    A.  Claims for Which a Response Will Be Required

The FAC presents cognizable Eighth Amendment deliberate indifference claims against two defendants.  Plaintiff alleges that R. Wilson, a physician[1] at High Desert State Prison

---

[1] In the FAC, plaintiff states that defendant R. Wilson is a physician. ECF No. 21 at 2. However, in the original complaint, plaintiff identifies defendant Wilson as a physician's assistant. ECF No. 1 at 1, 3. To ensure that any future service of defendant Wilson is proper, plaintiff should inform the court which title defendant Wilson actually holds.

("HDSP"), failed to treat plaintiff, including failing to prescribe pain medication after plaintiff went "man down" due to his degenerative disc disease. Plaintiff specifically alleges that Wilson knew that plaintiff suffered from degenerative disc disease. Plaintiff alleges that Luong Nguyen, a "telmed" physician at HDSP, failed to order pain medication for plaintiff after the incident, despite also knowing about plaintiff's degenerative condition. See id. at 3-4. As a result of these defendants' inaction, the condition of plaintiff's L4 and L5 vertebrae has worsened, and plaintiff is in a constant state of pain and distress. Id. These allegations state claims for deliberate indifference to plaintiff's serious medical needs.

### B. Failure to State a Claim

#### 1. Claims Against Defendants Baniga and Speaman

In the FAC, plaintiff again names M.E. Spearman, the warden at HDSP, and U. Baniga, the chief physician at HDSP, as defendants. ECF No. 21 at 1-2. However, the FAC presents no actual claims against these individuals. See generally id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Because plaintiff has not alleged any facts indicating a basis of liability for Spearman and Baniga, they are not proper defendants. Plaintiff will be given a final opportunity to amend the complaint to remedy this problem. If plaintiff is unable to allege facts showing that that these defendants caused a violation of plaintiff's constitutional rights, the undersigned will recommend that Spearman and Baniga be dismissed from this action.

#### 2. Bivens Claim Against Defendant Nguyen

Plaintiff alleges that Dr. Nguyen violated his rights under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1972) when he failed to tell the chief physician to give plaintiff pain medication. ECF No. 21 at 4. Plaintiff cannot maintain a Bivens claim against Nguyen, which

2

lies only against *federal* actors who act under color of *federal* authority.  See generally Bivens, 403 U.S. at 397 (holding petitioner was entitled recover damages for injuries suffered due to federal agents' violation of his Fourth Amendment rights).  The allegations that Dr. Nguyen provided constitutionally defective medical care are encompassed by plaintiff's Eighth Amendment claim under §1983, which has been found adequate to proceed against Dr. Nguyen.

None of the named defendants in this action are federal officials; all are California state correctional officials and medical staff.  See ECF No. 21 at 1-4.  Accordingly, a Bivens claim is improperly alleged.[2]  Any attempt to amend this claim would be futile.  Should plaintiff include a Bivens claim in any future amended pleading, the undersigned will recommend its dismissal.

II. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Some of your allegations state claims for relief and some do not.

You have stated cognizable Eighth Amendment deliberate indifference claims against defendants Wilson and Nguyen, and they will be required to answer.

You cannot bring a Bivens claim against defendant Nguyen, though, because Bivens claims are only for federal government officials who violate the constitution.  Also you have not stated any claims against defendants Spearman or Baniga, because there are no facts in the FAC showing that these defendants did anything to cause your rights to be violated.

You will be given a *final* opportunity to amend your complaint if you want to try again to state claims against defendants Spearman and Baniga.  If so, you must state with specificity what actions they took or failed to take that violated your rights under the Constitution and what harm you suffered as a result.  These defendants can't be liable just because they are supervisors.  To state claims against them, you must state facts showing how they caused the violation of your rights.  Only the people who violated your rights themselves, or otherwise caused the violation, are proper defendants.

////

---

[2] In Claim Two, in addition to raising a Bivens claim, plaintiff also alleges that he has a medical care-related cause of action under "Dillon."  ECF No. 21 at 4.  Without more information, the court is unable to address this assertion.

In the alternative, you may choose to give up any claims against defendants Spearman and Baniga and simply proceed on your Eighth Amendment deliberate indifference claims against defendants Wilson and Nguyen. The attached notice on how to proceed is the form you should use to let the court know what you would like to do.

Accordingly, IT IS HEREBY ORDERED that:

1. The court has screened the first amended complaint (ECF No. 21) and found that:

   a. It does not state a <u>Bivens</u> claim against defendant L. Nguyen;

   b. It does not state claims of any sort against defendants M.E. Spearman and U. Baniga; and

   c. It states cognizable Eighth Amendment deliberate indifference claims against defendants R. Wilson and L. Nguyen.

2. Plaintiff has the option to proceed immediately on his Eighth Amendment deliberate indifference claims against defendants R. Wilson and L. Nguyen or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the <u>Bivens</u> claim raised against defendant Nguyen as well as the dismissal of defendants M.E. Spearman and U. Baniga.

DATED: May 2, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROMERO,<br><br>    Plaintiff,<br><br>    v.<br><br>M.E. SPEARMAN, et al.,<br><br>    Defendants. | No.  2:18-cv-01590 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

CHECK ONE:

_____  Plaintiff would like to proceed immediately on his Eighth Amendment deliberate indifference claims against defendant R. Wilson, and defendant L. Nguyen.  Plaintiff understands that by choosing to go forward without amending the complaint, he is voluntarily dismissing his Bivens claim against defendant L. Nguyen and that he is also voluntarily dismissing defendants M.E. Spearman and U. Baniga as defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____  Plaintiff would like to amend the complaint.

DATED: _____

                                                    CHARLES ROMERO<br>                                                    Plaintiff Pro Se