UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROMERO,<br><br>    Plaintiff,<br><br>    v.<br><br>M.E. SPEARMAN, et al.,<br><br>    Defendants. | No.  2:18-cv-1590 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons stated below, the undersigned will recommend that certain claims and defendants be dismissed from this action and that case proceed solely on the First Amended Complaint's Eighth Amendment claims against defendants R. Wilson and L. Nguyen.

    I.    BACKGROUND

On May 2, 2022, the undersigned screened plaintiff's FAC (ECF No. 21).  ECF No. 22.  The court found that the FAC did not state any claim for relief against named defendants Spearman and Baniga, because plaintiff had not alleged any facts about them that would support liability.  Id. at 2.  The FAC identifies these defendants as supervisory officials (Spearman was the Warden of the institution and Baniga its chief physician), but does not indicate that they

participated in any way in the conduct alleged to have violated plaintiff's rights. Id. The court also found that the Bivens claim[1] against defendant Nguyen was legally defective because Nguyen was not a federal actor who acted under federal authority.[2] Id. at 2-3.

The undersigned found that the FAC did present a cognizable Eighth Amendment deliberate indifference claim against defendants R. Wilson and L. Nguyen, physicians at High Desert State Prison. ECF No. 22 at 1-2 (screening order); ECF No. 21 at 1-2 (FAC identifying defendants).

Plaintiff was given the choice between proceeding on the identified viable claims and voluntarily dismissing those identified as deficient, or amending the complaint. ECF No. 22 at 4. Plaintiff was warned that his failure to return the notice indicating how he wanted to proceed would result in the court assuming that he wanted to proceed on the complaint as screened, and that the court in that case would recommend dismissal without prejudice of the Bivens claim against defendant Nguyen as well as of defendants M.E. Spearman and U. Baniga. Id.

On May 31, 2022, plaintiff informed the court that he wanted to amend the complaint. ECF No. 23. Accordingly, the undersigned issued an order directing plaintiff to file a second amended complaint and to do so within thirty days. ECF No. 24. More than thirty days have passed, and plaintiff has neither filed a second amended complaint nor requested an extension of time to do.

II.  DISCUSSION

Because plaintiff was previously informed that his failure to amend would result in a recommendation that the case proceed on the complaint as screened, the undersigned now makes that recommendation. For the reasons explained in the screening order issued on May 2, 2022 (ECF No. 22), the only viable claim in the First Amended Complaint is that alleging that Doctors Wilson and Nguyen acted with deliberate indifference to plaintiff's serious medical needs in

---

[1] See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1972).
[2] According to plaintiff, defendant Nguyen is a "telemed" physician at High Desert State Prison. ECF No. 21 at 2. Plaintiff has not alleged that Dr. Nguyen is either employed by or affiliated with any federal entity, and any such allegation would be inconsistent with the content of the FAC and with Section 1983's requirement of action under color of state law.

violation of plaintiff's Eighth Amendment rights. Also for the reasons explained in the screening order, the FAC does not state a Bivens claim against Dr. Nguyen or any claim for relief against M.E. Spearman or U. Baniga. Accordingly, the putative Bivens claim and named defendants Spearman and Baniga should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1)-(2) (requiring dismissal prior to service of prisoner civil rights claims that are legally frivolous or fail to state a claim upon which relief may be granted).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

IS FURTHER RECOMMENDED that:

1. The following claims and defendants be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1)-(2):

    a. Claim Two of the First Amended Complaint (putative Bivens claim against L. Nguyen);

    b. Defendants M.E. Spearman and U. Baniga; and that

2. This case proceed solely on Claim One of the First Amended Complaint (Eighth Amendment deliberate indifference against R. Wilson and L. Nguyen).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE