UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROMERO,<br><br>          Plaintiff,<br><br>     v.<br><br>M.E. SPEARMAN, et al.,<br><br>          Defendants. | No.  2:18-cv-1590 DJC AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff was a prison inmate when he filed this action seeking relief under 42 U.S.C. § 1983.  See ECF No. 1.  He has taken no action in this case for over a year, has failed to update his address with the court, and has repeatedly failed to follow court orders.  For the reasons explained below, the undersigned recommends that the case be dismissed for failure to prosecute and failure to follow court orders, and alternatively as a sanction for failing to cooperate in discovery.

I.     Procedural History

The original complaint in this case was filed on May 31, 2018.  ECF No. 1.  On screening it was found unsuitable for service, and plaintiff was granted leave to amend.  ECF No. 13.  An amended complaint was filed almost a year and half later, on September 27, 2021.  ECF No. 21.  After screening of the amended complaint, and following plaintiff's failure to file a second amended complaint after he had been granted leave to do so and had affirmatively expressed an intent to do so, it was ordered that the case proceed on a single claim against two of the named

1

defendants. See ECF No. 25 (findings and recommendations); ECF No. 26 (order adopting findings and recommendations). After defendants appeared, opted out of early ADR, and answered the complaint, a discovery and scheduling order issued on March 9, 2023. ECF No 37. That order set a discovery competition deadline of July 7, 2023. Id. at 5.

On June 27, 2012, defendants moved to compel plaintiff's deposition. ECF No. 40. They represented that plaintiff had failed to appear for his noticed deposition and failed to communicate with defense counsel despite numerous attempts to reach him. The moving papers referred to plaintiff as a parolee, and counsel stated that she had been communicating with (or attempting to communicate with) plaintiff using a community address and a phone number provided by the litigation coordinator at the California Substance Abuse Treatment Facility ("CSATF"). See ECF No. 40-4 at 3-4. Counsel had been using a non-institutional address for plaintiff since December of 2022. See ECF No. 40-2.

Because the only address for plaintiff on the court's docket was (and still is) the CSATF, and because plaintiff had taken no action in this case since May 31, 2022,[1] an order issued on June 28, 2023, directing plaintiff to (1) update his address with the court, (2) respond to defendants' motion to compel his deposition, and (3) affirmatively indicate whether or not he intends to pursue this case. ECF No. 41. Plaintiff was given 21 days to comply, and he was advised that failure to file a timely response would result in a recommendation of dismissal. Id. More than 21 days have now passed, and plaintiff has not responded. The May 31 order was sent both to plaintiff's last known institutional address and to the community address provided by defense counsel. See id. At least one of those mailings was returned to the court as "Undeliverable; Refused." See Docket entry dated July 13, 2023.

II. Standards

Rule 41(b), Fed. R. Civ. P., provides for the involuntary dismissal of an action where "the plaintiff fails to prosecute or to comply with these rules or a court order…" Dismissal under this rule may be sua sponte. Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th

---

[1] On that date, plaintiff filed a notice indicating an intent to amend the complaint a second time. ECF No. 23. No second amended complaint was ever filed, as noted above.

Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.")  Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Local Rule 183(a) states that an "individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona." Id.  The rule further cautions that failure to comply with court orders, the federal rules of civil procedure, and local rules "may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." Id.  Local Rule 183(b) requires persons appearing in pro se to "keep the court and opposing parties advised as to his or her current address."  Absent such notice of changed address, "service of documents at the prior address of the . . . pro se party shall be fully effective."  Local Rule 182(f).

In determining whether to involuntarily dismiss for lack of prosecution, the court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.  Ash, 739 F.2d at 496.

III.   Discussion

Plaintiff's last filing in this case, ECF No. 23, was more than a year ago and predates service of the amended complaint.  It is indisputable that he thereafter failed to notify the court of his new address when he was released from state custody sometime in late 2022, failed to attend his noticed deposition, failed to oppose defendant's motion to compel, and failed to respond to the court's most recent order.  Service of that order was legally effective, despite the return of mail.  Local Rule 182(f).  It is not relevant that the return of mail to this court apparently indicated that plaintiff is now in the custody of the Los Angeles County Sheriff's Dept.  See Docket entry dated

July 13, 2023.  It is not the court's obligation to locate plaintiff and determine a valid service address.  Plaintiff's failure to ensure his continuing receipt of court documents, as required by the rules, is but one of numerous indications that he has abandoned this case.

Plaintiff's failure to take any action in this case since May of 2022 clearly establishes a failure to prosecute, and a balancing of the factors applicable to Rule 41(b) determinations weighs decisively in favor of dismissal with prejudice.  Plaintiff has failed to comply with the rules regarding participation in discovery, opposition to motions, and changes of address.  He has failed to obey a court order directing compliance with those rules and requiring a statement of his intent to prosecute.  On this record, the public's interest in the expeditious resolution of litigation and the court's need to manage its docket both strongly support dismissal.  See Ash, 739 F.2d at 496.  This case has already consumed a considerable amount of limited judicial time and resources, and litigation is now completely stalled.  It appears that any further efforts to restart the case would squander judicial resources.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (giving significant weight to considerations of judicial economy).  For example, the court's usual response to a motion to compel a party's deposition, following a failure to appear for deposition, is to order compliance and consider terminating sanctions only if that direct order is subsequently disobeyed.  Given the procedural history of this case, the time and effort this would require is unjustifiable.  That is why the undersigned recommends dismissal under Rule 41(b) without resolving the outstanding motion at ECF No. 40.

The risk of prejudice to defendants also weighs very strongly in favor of dismissal.  The defendants in this case have already expended time and incurred costs attempting to take plaintiff's deposition and otherwise defend, including by filing a motion to compel and for sanctions.  See ECF No. 40 (and attachments).  Requiring them to continue to expend resources under the present circumstances would be unjust.

The public policy favoring disposition on the merits always weighs against dismissal, Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999), but here carries little to no weight in light of plaintiff's record of non-involvement in his own case.  See Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (policy favoring merits adjudication is not, without more,

sufficient to outweigh other factors). Finally, the undersigned finds that no sanction less drastic than dismissal is warranted under these circumstances.

Because the balance of factors weighs strongly in favor of dismissal, and in light of the procedural posture of the case, dismissal should be with prejudice. See Rule 41(b) (dismissal operates as adjudication on the merits unless dismissal order states otherwise); Slack v. McDaniel, 529 U.S. 473, 489 (2000) ("The failure to comply with an order of the court is grounds for dismissal with prejudice.").

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b), Fed R. Civ. P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE